Nash, C. J.
 

 On the trial of the cause below, three grounds of defense were assumed:
 

 1st. That the plaintiff could not maintain the action, as his father, Isaac Weather by, was a partner with him in the purchase of the slave, and ought to have been joined as a party plaintiff.
 

 2d. That there was no consideration for the promise.
 

 
 *167
 
 3d. That the plaintiff had given the defendant no notice.
 

 The charge was correct upon the first and second objections. The action was properly brought by the plaintiff alone: in the purchase of the slave the father was a partner with the son, and would have been a necessary party to any action upon that contract; but the contract upon which this action is brought was personal to the son alone, and he alone was competent to bring the action for a breach of it.
 

 There was a sufficient consideration for the defendant’s promise. _ To constitute a valid consideration in law, it is not necessary there should be any gain to the person making the promise: if it imports a loss or injury to him, to whom it is made, it is sufficient. The defendant certainly had no interest in freeing the slave from his shackles: it was a mere act of humanity on his part; but his promise induced the plaintiff to remove the hand-cuffs, whereby the security of the property was diminished, and a loss consequently sustained by him. It cannot be necessary to cite authority for this.
 

 IJpon the third point, however, we do not concur with his Honor. The general doctrine, upon the subject of notice for the breach of a contract in the nature of guarantee, is, that where the circumstances which are alleged as the foundation of the defendant’s liability, are more properly within the knowledge and privity of the plaintiff than the defendant-, notice thereof should be averred in the declaration and proved on the trial; but where they lie equally within the knowledge of both parties, no notice is necessary:
 
 Lewis & others
 
 v.
 
 Bradbury,
 
 2 Ire. 303,
 
 Spooner
 
 v.
 
 Baxter,
 
 16 Pick. 409. To evade the operation of the rule, the plaintiff contended that this cause of action accrued the moment the slave ran away, and therefore, there was no necessity to gi've the defendant any notice; but if such necessity did exist, that he had complied with the law by his advertisement. It is true, the plaintiff’s cause of action commenced at the moment the slave did run away, but in law it was not complete until notice was given to the defendant; until notified of the fact he was in no 'default in not paying the $Í00. In Bradbury’s case the de
 
 *168
 
 fendant had'bound himself by parol, to pay certain notes and accounts, if they could not be collected by legal process; they were put into the hands of a collecting officer, who made due returns, and in some, that nothing could be made; the action was brought to subject the defendant to the payment of the debts so returned; no notice of such return was
 
 given
 
 before bringing the action ; the Court ruled that the defendant’s contract was not a guaranty, but in the nature of one, and that he was entitled to notice; and that the officer’s return .was not a notice.
 

 This case is greatly stronger. Here, although the running away of the slave was the cause, of the action, yet he was not bound, at his peril, to know the fact, as it was more particularly within the knowledge of the plaintiff. The law being, that he was entitled to notice, it became a part of his contract.
 

 As to the advertisements made by the plaintiff, they cannot serve as notice to the defendant, though published in his neighborhood; he was entitled to personal notice of the fact. — • There is no evidence that he ever saw the advertisements or heard of the absconding of the negro. See
 
 Carraway
 
 v.
 
 Cox
 
 Busb. 173.
 

 PeR Cueiam. Judgment reversed.